# RE L. N. TORSON.

### (183 N. W. 1016.)

**Attorney and client — misappropriation of funds — disbarment.**
> In this proceeding it is *held* that the findings of the referee to the effect that the accused attorney misappropriated funds which he had collected for, and which belonged to, his client are fully sustained by the evidence; and it is ordered that he be disbarred.

#### Opinion filed December 14, 1920.

Original proceeding in the supreme court for the disbarment of L. N. Torson.

*John E. Greene,* on behalf of the State Bar Board, for the prosecution.

No appearance for the respondent.

PER CURIAM. This is a disbarment proceeding. A copy of the charges was served personally upon the respondent, and he was afforded the usual time to prepare and file an answer. He made default. Thereafter, this court appointed J. A. Coffey, one of the judges of the fourth judicial district, referee to take the evidence and make findings and conclusions. The matter was thereupon set for hearing before said referee, and the respondent notified of the time and place of such hearing. He again made default.

The charges were that in February, 1914, the respondent, in a certain action wherein he acted as attorney for the plaintiff, collected the judgment in the case in full, satisfied the judgment, and appropriated all of the proceeds to his own use; also, that in December, 1911, he collected the sum of $1,112 on a certain note secured by real estate mortgage, which had been delivered to him for collection; that he paid to the owner of the note only $566.65, and appropriated the balance of the moneys collected to his own use. The referee found that these charges were true, and concluded that the respondent ought to be disbarred.

In our opinion the evidence is susceptible of only one construction, namely, that placed upon it by the referee. This being so, the conclusion drawn by the referee naturally follows. Comp. Laws 1913, § 800. Hence, it is the order and judgment of this court that said L. N. Torson be and he hereby is disbarred from practising law in the courts of this state.

CHRISTIANSON, Ch. J., and ROBINSON, GRACE, and BRONSON, JJ., concur.

BIRDZELL, J., disqualified, did not participate.